IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

JEROME ALLEN BARGO                                                          PETITIONER

v.                                       Civil No. 06-5158

LARRY B. NORRIS, Director,
Arkansas Department of Correction                                           RESPONDENT

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

Jerome Allen Bargo, an inmate in the Arkansas Department of Correction, has filed a petition under 28 U.S.C. § 2254. Respondent Norris moves to dismiss the petition as barred by the statute of limitations.

DISCUSSION

In March 1988, Bargo was convicted in the Benton County Circuit Court of attempted capital murder, burglary, and theft of property and sentenced to 60 years, 40 years, and 40 years respectively, to run consecutively. He filed a timely notice of appeal.

In May 1888, after transfer to another facility in Arkansas to await trial on other charges, Bargo escaped from custody and fled the jurisdiction. Despite the escape, Bargo's attorney continued to represent him. The record was lodged with the Supreme Court of Arkansas in October 1988 and on December 1, 1988, the appellant's brief was served. On December 20, 1988, the State filed a motion to dismiss the appeal and a motion to stay its brief time. On January 9, 1989, the

appellate court granted the State's motion to dismiss the appeal of Bargo, who was still at large. On January 13, 1989, Bargo's attorney responded to the already-decided motion to dismiss which the court deemed as moot. Bargo's attorney then filed a motion for reconsideration which was denied.

Authorities located and detained Bargo in Ohio on October 18, 2003. He was subsequently tried on a federal charge there, then returned to Arkansas. On April 14, 2005, Bargo filed a motion to reinstate his 1988 appeal in the Supreme Court of Arkansas. The court denied the motion on November 17, 2005, finding that Bargo had abandoned his appeal, *i.e.,* the delay in prosecuting his appeal was prejudicial to the appellate process and Bargo had failed to present good cause for the delay. (Resp's Ex. G).

The instant petition was filed on August 24, 2006. Bargo claims he was denied a direct appeal in violation of due process. Norris contends the petition is untimely.

The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) imposed a one-year statute of limitations on petitions for writ of habeas corpus by state prisoners. The one-year period begins on the date the judgment became final "by conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). The time period is tolled during the time which a "properly filed" application for post-conviction relief is pending. 28 U.S.C.§ 2244(d)(2).

Bargo's conviction became final on April 9, 1989, when the 90-day period for seeking a writ of certiorari elapsed after dismissal of the direct appeal on January 9, 1989. *See Smith v. Bowersox*, 159 F.3d 345, 348 (8th Cir. 1998), *cert. denied*, 525 U.S. 1187 (1999).

The one-year limitations period in the AEDPA did not become effective until April 24, 1996. Prisoners such as Bargo whose convictions became final prior to the enactment of AEDPA had a one-year grace period within which to file their petitions. *Nichols v. Bowersox*, 172 F.3d 1068, 1073 (8th Cir. 1999). Therefore, Bargo's petition was due no later than April 24, 1997. However, his petition was not filed until August 24, 2006.

Bargo admits that if his habeas corpus petition is considered a challenge to the original conviction, it was not filed within the proper time frame. He contends, however, that the petition is timely because it "contests the denial of his Motion to Reinstate Appeal by the Arkansas Supreme Court on November 17, 2005." (Petition, page 14).

Bargo's argument is unavailing. As explained above, Bargo's conviction was final in 1988 and his petition was due here on or before April 24, 1997. The 2005 motion for reinstatement and the appellate court's denial of the motion did not serve to revive or toll the limitations period which had already lapsed. *See Moore v. Crosby*, 321 F.3d 1377 (11th Cir.2003) (motion to file late appeal filed after expiration of AEDPA limitations period did not relate back to toll idle periods); *Melancon v. Kaylo*, 259 F.3d 401 (5th Cir. 2001)(after AEDPA limitations period elapsed, an application for further appellate review is not "pending" for purposes of habeas corpus tolling provision).

A prisoner whose petition is filed late under the provisions of the AEDPA may still take advantage of equitable tolling where "extraordinary circumstances" beyond his control made it impossible for him to file a petition on time or when the action of the respondent lulled the petitioner into inaction. *Jihad v. Hvass*, 267 F.3d 803, 805 (8th Cir. 2001). Equitable tolling does not apply to Bargo who was in escape status during the relevant time period for filing his § 2254 petition.

CONCLUSION

Based on the above, I recommend that the instant petition be dismissed with prejudice as barred by the AEDPA's one-year statute of limitations. Because I recommend dismissal on this basis, I have not reached the merits of Bargo's claim.

**The parties have ten days from receipt of this report and recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely written objections may result in waiver of the right to appeal questions of fact. The parties are reminded that objections must be both timely and specific to trigger *de novo* review by the district court.**

DATED this 27th day of October 2006.

/s/Beverly Stites Jones
HON. BEVERLY STITES JONES
UNITED STATES MAGISTRATE JUDGE